142

CALIFORNIA COMPENSATION INSURANCE COMPANY (a Corporation), Petitioner, v. THE INDUSTRIAL ACCIDENT COMMISSION and CLARENCE O. SMITH, Respondents.

Kearney, Scott & Clopton for Petitioner.

Kenneth Sperry, Edmund J. Thomas, Jr. and Alvin L. Dove for Respondents.

SHINN, P. J.—The insurance carrier of First Church of the Brethren petitions for review of an award of compensation to respondent Clarence O. Smith for injuries received while he was working on church property as a carpenter. Statements of the evidence have been filed by petitioner, by the commission and by Smith. They contain a full report of the evidence with respect to the manner in which Smith was ren-

dering his services. He worked for the church several days a week at a wage of $2.125 per hour, and was paid his wages. Usually on Saturdays, sometimes on other days, he worked but was not paid wages. He testified that he "donated" his services on those days and that he had no understanding with the church as to the number of days he should work for nothing. He received injuries in his work on a Saturday, when he was not being paid. A primary question is whether an employee relationship to the church existed on the days he worked for nothing. Was he acting within the scope of his employment or did his testimony that he was "donating" his services prove that he was a mere volunteer?

The question is somewhat novel and is an important one to churches or other organizations which receive the benefit of services such as those rendered by Smith, for which no compensation is paid. There was no evidence of any arrangement made with anyone representing the church for Smith's services, nor of the existence of any special custom or practice in such matters which was known to the parties.

■ It is well settled that an injury is compensable if the employee is at the time engaged in doing something he might reasonably have been expected to do while in the performance of his duties. (*Satchell* v. *Industrial Acc. Com.,* 94 Cal.App. 2d 473 [210 P.2d 867].) ■ Under this rule it was necessary to determine whether, under the agreement of employment, it was understood by the parties that in addition to the work for which he would be paid Smith would be furnishing his services gratis on other days. His testimony that he was "donating" certain services fell short of proving any arrangement with the church as to what he undertook to do or what was expected of him.

The final decision in this proceeding will serve as a guide to employers and employees in similar situations. This makes it especially desirable that the facts as to the scope of Smith's duties be established by direct evidence and not be left to inference or speculation. We therefore do not undertake to render a decision on this question upon a record so obviously incomplete.

The matter is referred to respondent commission for the purpose of taking evidence as to the terms and conditions of Smith's employment, including evidence of a custom or practice of the church in such matters, if any, which was known to the parties, and to return a transcript thereof to this court.

Vallée, J., and Wood (Parker), J., concurred.